UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC DRAKE,

          Plaintiff,

      v.

EBAY, INC., et al.,

          Defendants.

Case No.  25-mc-80391-PCP

**ORDER DENYING PETITION FOR DEPOSITION TO PERPETUATE TESTIMONY**

Re: Dkt. No. 1

Pro se petitioner Eric Drake petitions the Court for an order permitting him to depose eBay executives Samantha Wellington and Cornelius Boone "in order to perpetuate their testimony" under Federal Rule of Civil Procedure 27(a). The Court denies Mr. Drake's petition.

Rule 27(a) allows a petitioner "who wants to perpetuate testimony about any matter cognizable in a United States court" to take testimony on the condition that the petitioner show "(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought; (B) the subject matter of the expected action and the petitioner's interest; (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it; (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and (E) the name, address, and expected substance of the testimony of each deponent." Fed. R. Civ. Proc. 27(a)(1)(A)–(E). The petitioner must also serve "each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing … either inside or outside the district or state in the manner provided in Rule 4." Fed. R. Civ. Proc. 4, 27(a)(2).

Mr. Drake has failed to comply with at least three required elements of Rule 27. First, Drake can bring the action for which he seeks respondents' testimony. Mr. Drake says he does not

United States District Court
Northern District of California

want to bring a civil action until a parallel, criminal FBI investigation concludes, but Mr. Drake could file his civil suit during that time and does not identify any specific reason why he could not.

Second, Mr. Drake cannot identify "the substance of the testimony which the petitioner expects to elicit." *See Nevada v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995); *see also* Fed. R. Civ. Proc. 27(a)(1). Mr. Drake concedes in his petition that he seeks testimony in order to *build*, not preserve, a fraud suit: "Without the depositions, Petitioner cannot allege with particularity the requisite 'who' and 'how' of the alleged scheme, thereby jeopardizing the viability of any civil suit."

Third, Mr. Drake has not served respondents properly. Rule 4(e)(2), cross-referenced in Rule 27(a)(2), requires service upon "each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing" in accordance with Rule 4. Respondents state under penalty of perjury that Mr. Drake merely mailed "one copy of the petition," without a notice of hearing, to eBay's headquarters, and that the petition was addressed to the president of eBay and respondent Wellington but not respondent Boone. Because Mr. Drake's method of service, and service itself, were improper as to both Wellington and Boone, Mr. Drake failed to effect proper service and has not addressed this issue in his response.

Each of the three reasons discussed provides independent, sufficient grounds on which to deny Mr. Drake's petition. Accordingly, Mr. Drake's petition is denied.

**IT IS SO ORDERED.**

Dated: March 9, 2026

P. Casey Pitts
United States District Judge

2